UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LILIANA BRIGNONI-KANN, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Judge<br>)<br>) Case No. |
| v. | )<br>) |
| MOBIUS INCORPORATED d/b/a ASSISTING HANDS HINSDALE, and CHICAGOLAND SENIOR CARE, INC. d/b/a ASSISTING HANDS HOME CARE | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT

Plaintiff Liliana Brignoni-Kann ("Plaintiff"), on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendant Mobius Incorporated d/b/a Assisting Hands Hinsdale ("Assisting Hands Hinsdale") and Defendant Chicagoland Senior Care, Inc. d/b/a Assisting Hands Home Care ("Assisting Hands Come Care"), (collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.  Plaintiff brings class and collective action overtime claims against Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff and other caregivers owed overtime wages for time worked in excess of forty (40) hours per workweek.

2.  Defendants provide home health care services to clients in Illinois.

3. Plaintiff and other similarly-situated persons are current and former employees of Defendants who were responsible for providing personal caregiving services to elderly or infirm individuals in their homes.

4. During the prior three years, Defendants regularly required Plaintiff to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

5. During the prior three years, Defendants regularly required similarly-situated caregivers to work multiple, consecutive 24-hour shifts in the homes of Defendants' clients.

6. Defendants paid Plaintiff a day rate when she worked 24-hour shift in the homes of Defendants' clients.

7. Defendants paid similarly-situated caregivers a day rate when they worked 24-hour shifts in the homes of Defendants' clients.

8. Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

9. Plaintiff was entitled to be paid overtime under the FLSA when she worked more than forty (40) hours per week.

10. Similarly-situated caregivers were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

11. Similarly-situated caregivers were entitled to be paid overtime under the FLSA when they worked more than forty (40) hours per week.

12. During one or more workweeks during the prior three years, Defendants failed to pay Plaintiff overtime for all of the time she worked in excess of forty (40) hours per week.

13. During one or more workweeks during the prior three years, Defendants failed to pay similarly-situated caregivers overtime for all of the time they worked in excess of forty (40) hours per week.

14. Under the terms of Plaintiff's employment, she was to be paid a day rate of $170.00.

15. Accordingly, Plaintiff's regular rate of pay should have been determined by totaling all the sums received at this day rate in the workweek and dividing by the total hours actually worked. *See* 29 C.F.R. § 778.112.

16. Plaintiff should have been paid extra half-time pay at this rate for all hours worked in excess of 40 in the workweek. *See* 29 C.F.R. § 778.112

17. Defendants failed to pay plaintiff extra half-time pay determined according to Plaintiff's regular rate of pay.

18. Rather, Defendants paid Plaintiff pursuant to a day rate, without overtime pay.

19. Defendants manipulated Plaintiff's hourly rate and Plaintiff's hours worked on her pay stub, to give Plaintiff the appearance that she was receiving overtime pay.

20. For example, for the Pay Period ending August 30, 2020, Plaintiff worked 8 days and was paid a total of $1360.80 for this work, which amounts to $170.00 per day.

21. The August 30, 2020, pay stub includes reference to Plaintiff's day rate of $170 per day.

22. Plaintiff's regular rate for this pay period should have been calculated by taking the total compensation in the workweek (8 days at the day rate of $170) divided by the number of hours Plaintiff worked in the workweek. Plaintiff should have been paid one-half of that

regular rate of pay for all hours worked in excess of 40 in the workweek. *See* 29 C.F.R. § 778.112.

23. Defendants did not calculate Plaintiff's regular rate of pay in the method required by 29 C.F.R. § 778.112.

24. Rather than properly calculating her regular rate of pay, Defendants selected an hourly rate for this pay period, $11.73, and selected a number of hours worked, 104 hours, that made it appear that the day rate of $170 was *inclusive* of overtime pay.



Assisting Hands Home Care
50 S. Main St.
Suite 200
Naperville, IL 60540

Liliana I Brignoni-Kann

Direct Deposit

**Employee Pay Stub**  Check number:  Pay Period: 08/17/2020 - 08/30/2020  Pay Date: 09/04/2020

**Employee**
Liliana I Brignoni-Kann,

| Earnings and Hours | Qty | Rate | Current | YTD Amount |
|---|---|---|---|---|
| Daily ($170.00 - 4-day) Rate | 80.00 | 11.73 | 938.40 | 2,815.20 |
| Overtime Daily Rate (4-day) | 24.00 | 17.60 | 422.40 | 1,418.16 |
| Hourly Rate | | | | 912.00 |
| Holiday Rate | | | | 261.31 |
| Overtime Daily Rate (5or 6-day) | | | | 1,252.77 |
| Sick Leave Pay | | | | 48.00 |
| Daily ($165.00 - 3-day) Rate | | | | 106.05 |
| Daily ($170.00 - 3-day) Rate | | | | 595.79 |
| Daily ($170.00 - 6-day) Rate | | | | 420.80 |
| Daily ($170.00 - 5-day) Rate | | | | 877.60 |
| | 104.00 | | 1,360.80 | 8,707.68 |

| Direct Deposit | Amount |
|---|---|
| Checking - ************ | 1,031.34 |

| Sick Leave | Accrued | Used | Available |
|---|---|---|---|
| Current | 0.00 | 0.00 | 6.00 |
| YTD | 0.00 | 4.00 | |

Memo
Direct Deposit

| Taxes | Current | YTD Amount |
|---|---|---|
| Medicare Employee Addl Tax | 0.00 | 0.00 |
| Federal Withholding | -138.00 | -870.00 |
| Social Security Employee | -84.37 | -539.88 |
| Medicare Employee | -19.73 | -126.26 |
| IL - Withholding | -87.36 | -571.03 |
| | -329.46 | -2,107.17 |

**Net Pay**  1,031.34  6,600.51

25.     In other pay periods, Defendants selected different rates of pay and different hours, to again make it appear that the day rate includes overtime pay.



26.     The paystub miscalculations undercompensate Plaintiff in two ways.

27.     First, the reported hourly rate – which changed from week to week – was not Plaintiff's regular rate of pay properly calculated under 29 C.F.R. § 778.112.  Therefore, the overtime rate calculated pursuant to the hourly rate on the pay stub undercompensated Plaintiff.

28.     Second, the reported hours worked did not reflect the number of hours Plaintiff actually worked.

29.     The hours reported on the pay stub failed to include all time Plaintiff worked.

5

30. Defendants' failure to pay Plaintiff and similarly-situated caregivers overtime wages for all time worked over forty (40) hours per week at the correct rate violated the overtime provisions of Section 7 of the FLSA.

31. Defendants' failure to pay Plaintiff and similarly-situated caregivers overtime wages for all time worked over forty (40) hours per week at the correct rate violated the overtime provisions of Section 105/4a of the IMWL.

32. Plaintiff brings her FLSA claim as a collective action. Plaintiff's FLSA Consent Form is attached hereto as Exhibit A.

33. Plaintiff brings her IMWL claim as a class action under Fed. R. Civ. P. 23.

**JURISDICTION AND VENUE**

34. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

35. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

36. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**THE PARTIES**

37. Plaintiff Liliana Brignoni-Kann resides in and is domiciled in Worth, Illinois.

38. Plaintiff worked for Defendants from approximately May 2020 until September 2020.

39. Defendant Assisting Hands Hinsdale is an Illinois corporation with its principal place of business located in Downers Grove, Illinois.

40. Defendant Assisting Hands Hinsdale does business within this judicial district.

41. Defendant Assisting Hands Home Care is an Illinois corporation with its principal place of business located in Naperville, Illinois.

42. Defendant Assisting Hands Home Care does business within this judicial district.

43. At all times relevant hereto, Plaintiff was Assisting Hands Hinsdale's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

44. At all times relevant hereto, Plaintiff was Assisting Hands Home Care's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

45. At all times relevant hereto, Plaintiff was Assisting Hands Hinsdale's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

46. At all times relevant hereto, Plaintiff was Assisting Hands Home Care's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(e).

47. Defendant Assisting Hands Hinsdale was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

48. Defendant Assisting Hands Home Care was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

49. Defendant Assisting Hands Hinsdale was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

50. Defendant Assisting Hands Home Care was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

51. Defendant Assisting Hands Hinsdale is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

52. Defendant Assisting Hands Home Care is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

53. At all times relevant hereto Defendant Assisting Hands Hinsdale's annual gross volume of sales made, or business done has exceeded $500,000 per year, exclusive of excise taxes.

54. At all times relevant hereto Defendant Assisting Hands Home Care's annual gross volume of sales made, or business done has exceeded $500,000 per year, exclusive of excise taxes.

**CLASS ALLEGATIONS**

55. Plaintiff Brignoni-Kann and the members of the IMWL Class she seeks to represent are current and former caregivers who worked for Defendants in Illinois and who were not paid all earned overtime pay by Defendants.

56. The relevant time period for the IMWL class action is from three (3) years prior to the filing of this to the present.

57. The number of caregivers Defendants employed in Illinois who worked more than forty (40) hours in individual work weeks and who were not paid all owed overtime wages is believed to exceed forty (40) persons.

58. Plaintiff brings her class action claims pursuant to Fed. R. Civ. P. 23 because other persons similarly-situated to Plaintiff are so numerous that joinder of all parties is impracticable.

59. The issues involved in this lawsuit present common questions of law and fact.

60. The common questions of law and fact predominate over any variations which

may exist between class members.

61. The violations alleged by Plaintiff are the result of Defendants' generally applicable policies or practices, and the common questions will predominate over any additional questions raised.

62. Plaintiff and the classes of similarly-situated persons, on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, liquidated damages and other penalties, interest, and attorneys' fees and costs of this lawsuit.

63. Plaintiff asserts that she is able to fairly and adequately represent and protect the interests of the classes.

64. Plaintiff's counsel is experienced in the prosecution of wage and hour class actions.

65. If individual actions were required to be brought by each of the similarly-situated caregivers injured or affected by Defendants' policies and practices, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendants.

66. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

67. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for their failure to pay Plaintiff and similarly-situated caregivers owed

overtime wages.

68. Plaintiff and the similarly-situated caregivers work(ed) in excess of forty (40) hours per week but did not receive overtime compensation.

69. Defendants failed to accurately record the actual hours worked by Plaintiff and similarly-situated caregivers.

70. Defendants failed to compensate Plaintiff and similarly-situated caregivers for the overtime hours they worked.

71. The foregoing conduct constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff and other similarly-situated caregivers are entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendants as follows:

A. A judgment in the amount of all unpaid overtime wages for Plaintiff and similarly-situated caregivers based on their regular rate for all time worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

Plaintiff hereby realleges and incorporates the foregoing paragraphs of this Complaint.

73. This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* for their failure to pay Plaintiff and the members of the IMWL Class

she seeks to represent earned overtime pay for all time worked in excess of forty (40) hours in individual workweeks.

74. Plaintiff and the IMWL Class Members work(ed) in excess of forty (40) hours per week but did not receive the appropriate overtime compensation from Defendants.

75. Defendants willfully and intentionally failed to compensate Plaintiff and the IMWL Class Members for the overtime hours they worked.

76. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class Members are entitled to recover unpaid overtime wages for three (3) years prior the filing of this lawsuit, plus punitive damages.

WHEREFORE, Plaintiff and the IMWL Class Members she seeks to represent pray for judgment against Defendants as follows:

    A.    A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred as provided by the Illinois Minimum Wage Law; and

    D.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Dated: October 30, 2020

    Respectfully submitted,

    s/Douglas M. Werman
    One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Michael M. Tresnowski (mtresnowski@flsalaw.com)

**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008